IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DOCEKAL & MOYER LLC,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　　TC-MD 110863C
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CLACKAMAS COUNTY ASSESSOR,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)　　**DECISION**

　　　　Plaintiff has appealed Defendant's disallowance of a property tax discount and

assessment of statutory interest on one-third of the tax assessment for tax year 2010-11.  The

property at issue (the Property) is identified in the assessor's records as Account 00408026.  The

court held a hearing on the matter August 25, 2011, after which the parties submitted written

memoranda supporting their respective positions.

## I.  STATEMENT OF FACTS

　　　　The parties agree to the following facts.  Defendant issued a Real Property Tax Statement

to Plaintiff assessing the 2010-11 tax owed on the Property at $6,471.94.  (Ptf's Compl at 3.)

Defendant's statement informed Plaintiff that a minimum payment of one-third of the tax must

be paid by November 15, 2010, and that a three percent discount of $194.16 would be applied if

full payment were made by that date. (*Id*.)  Accordingly, Plaintiff timely delivered to Defendant

a check dated November 15, 2010.  The check was drawn upon US National Bank (Bank) for

$6,277.78, the full amount owed less the three percent discount.  (*See* Ptf's Memo, Ex A, Oct 28,

2011.)

　　　　Bank returned the check to Defendant as non-negotiable on November 16, 2010.  (Ptf's

Compl at 4.)  The words "Refer to Maker" were imprinted on the returned check. (Ptf's Memo,

Ex A, Oct 28, 2011.)  Either in late November or early December, Defendant notified Plaintiff that the check had not cleared.  (*See* Ptf's Memo, Oct 28, 2011, ("[Defendant]   * * * finally notified me in early December"); Def's Memo, Nov 7, 2011, ("taxpayer was notified by letter dated November 23").)  Plaintiff wrote another check to Defendant in the amount of $6,500.70, that Defendant accepted as payment in full on December 16, 2010.  (Ptf's Compl at 4.)  The final amount paid reflected the loss of the three percent discount for full payment by November 15, 2010, plus interest on the portion of the tax due on that date.  (*Id*.)  Bank subsequently admitted in a letter to Defendant dated June 8, 2011, that Plaintiff's initial, timely check had been "returned in error."  (Ptf's Memo, Ex B, Oct 28, 2011.)

Plaintiff requests that this court order Defendant to issue a refund of the lost three percent discount plus interest.  (Ptf's Amended Compl.)  Plaintiff contends that Defendant is legally responsible for this amount because Defendant could have prevented the loss if it had notified it immediately that its check had not cleared.  (Ptf's Memo, Oct 28, 2011.)  Defendant disagrees, contending that it was solely Plaintiff's responsibility to ensure that funds were delivered by November 15, 2010.  (Def's Memo, Nov 7, 2011.)

## II.  ANALYSIS

A.    *Defendant's delay in notifying does not mitigate Plaintiff's duty to timely pay taxes.*

All persons owning taxable property within Oregon are required to make timely payments of their property taxes beginning on November 15.  ORS 311.250(1), (2).[1]  Where a taxpayer fails to pay that portion of taxes due by November 15, the statute provides that "[i]nterest shall be charged and collected" on those taxes.  ORS 311.505(2).  Those taxpayers

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

who pay their entire year's assessment in full "on or before November 15" are entitled to a three percent discount of the total amount. *Id*. at (3).

Where a property tax payment is submitted after the November 15 due date, Oregon law, specifically ORS 311.505, requires that interest be charged and precludes allowance of the three percent discount. *See e.g.*, *Haid v. Washington County Assessor*, TC-MD No 021310C, WL 21277202 (Apr 9, 2003) (denying appeal for reinstatement of discount where taxpayer mailed check 11 days late).

The imposition of interest and disqualification from the three percent discount is not a "penalty." *Id*. Interest is compensation for the time value of the money not available for the county's use. *Id*. In addition, the three percent discount is a reduction in the full amount due available to qualifying taxpayers; failure to qualify for the tax break does not constitute a penalty. *Id*.

Because knowledge of one's duty to timely pay property taxes is presumed, a county's failure to notify a taxpayer is insufficient ground for canceling interest charges or reinstating a discount. *Ohren v. Marion County Assessor*, TC-MD No 991449B, WL 290841 (Mar 15, 2000) (upholding forfeiture of three percent discount where defendant admitted error in addressing envelope); *see generally Hood River County v. Dabney*, 246 Or 14, 28, 423 P2d 954 (1967) (internal citation omitted) (stating that every citizen is presumed to know that land is taxed and that one has a duty to timely pay taxes).

Here, Plaintiff failed to timely pay its taxes because its November 15 check was non-negotiable. Payment occurs when a negotiable instrument is presented. Because Plaintiff's November 15 check was dishonored by Bank, Plaintiff failed to pay taxes "on or before

/ / /

November 15." Therefore, ORS 311.505(3) does not authorize a three percent discount for Plaintiff.

Furthermore, Defendant's delay of several days before notifying Plaintiff that Bank had dishonored the check is irrelevant. Plaintiff tendered the check on November 15, the last possible day for timely payment, and Bank returned it to Defendant on November 16. The error that resulted in the taxes being unpaid on November 16 was that of Plaintiff or its agent Bank, not of Defendant. Plaintiff chose to wait until the deadline to pay its taxes. Faster notification by Defendant would not have enabled Plaintiff to make timely payment of a tax already overdue on November 16. Even if Defendant's notification process contained some error, a point the court need not and will not decide on the facts in this case, such error would not mitigate Plaintiff's own duty to pay the taxes on time. *Ohren*, TC-MD No 991449B.

B.      *No refund is appropriate under ORS 311.806(f) as the amount paid was legally chargeable.*

Plaintiff requests a refund under ORS 311.806(f), which requires counties to refund taxes paid "in excess of the amount legally chargeable" under certain circumstances. As indicated above, the interest charges and "lost" discount at issue in this case were legally chargeable under ORS 311.505. No refund in this case is indicated by ORS 311.806(f).

C.      *ORS 305.422 does not apply as no penalty is at issue here.*

Plaintiff also invokes ORS 305.422, which grants this court authority to waive specified penalties for *late filings* of certain property *tax returns* .[2] That statute is very limited in its scope and application and has no bearing in this case, which involves *untimely payment* of

---

[2] ORS 305.422 reads:

"If a penalty under ORS 308.295 or 308.296 for the failure to timely file a real, combined or personal property return as required by ORS 308.290 is the subject of an appeal to the tax court, the court may waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause."

property *taxes*. As explained above, Plaintiff has merely failed to qualify for a tax break and has been charged interest to compensate Defendant for the delayed receipt of the money (time value of money). *See Haid*, TC-MD No 021310C. The authority granted by ORS 305.422 does not apply in this case and is therefore not a grounds for waiver.

## III. CONCLUSION

The court has carefully reviewed the matter and concludes that Defendant acted within its statutory authority to require the full tax amount and to impose interest because Plaintiff had the duty to ensure that a negotiable instrument was tendered to Defendant by the tax deadline. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of April 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on April 10, 2012. The Court filed and entered this document on April 10, 2012.*